## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURRAY ENERGY CORPORATION, | ) |
| 46226 National Road, | ) |
| St. Clairsville, Ohio  43950 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | ) |
| OFFICE OF SURFACE MINING | )   Case No. 1:15-cv-01620 |
| RECLAMATION AND ENFORCEMENT, | ) |
| 1951 Constitution Avenue NW, | ) |
| Washington, DC  20240 | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## COMPLAINT

Plaintiff Murray Energy Corporation ("Murray Energy") files this complaint for

declaratory and other relief against the United States Department of the Interior's Office of Surface

Mining Reclamation and Enforcement ("OSMRE") for withholding agency records in violation of

the Freedom of Information Act ("FOIA"), and alleges as follows:

### I. NATURE OF THE ACTION

1.     This is an action under FOIA, 5 U.S.C. § 552, as amended, and the Federal

Declaratory Judgment Act, 28 U.S.C. § 2201, seeking the immediate release of agency records

that Murray Energy requested from OSMRE, a bureau within the United States Department of the

Interior ("DOI").

2.     Murray Energy submitted a FOIA request to OSMRE seeking records related to

OSMRE's proposed Stream Protection Rule, published at 80 Fed. Reg. 44,435 (July 27, 2015)

(the "Stream Protection Rule").  Overstepping its statutory authority, OSMRE seeks to promulgate an overly expansive rule that would revise the regulations relating to the Surface Mining Control and Reclamation Act of 1977 in a manner that would destroy jobs and dismantle underground mining operations around the country—operations like Murray Energy's that employ thousands of people and provide the coal on which hundreds of millions of Americans depend for their electricity.

3.      Murray Energy, the largest privately owned coal company in the United States, has a significant and compelling interest in OSMRE's proposed Stream Protection Rule.  Murray Energy requested these records to uncover and share with the American public the complete record underlying the proposed rule.  OSMRE has refused to engage in a transparent process with stakeholders and has excluded key information from its public record for the proposed Stream Protection Rule.  The requested records will allow the company to submit fully informed comments on the proposed Stream Protection Rule within the time period provided to the public for review and comment, which expires on October 26, 2015.  And the requested information will ensure that a complete and fair record exists on which the court that ultimately reviews the final Stream Protection Rule will rely.

4.      To date, OSMRE has not released the records Murray Energy requested and has not otherwise responded in writing to Murray Energy.  OSMRE has ignored Murray Energy's FOIA request and has shirked its duty to provide a written response to Murray Energy's request within the statutorily provided time period.  OSMRE's failure to provide these records has hindered, and continues to hinder, Murray Energy's ability to provide timely comments on the proposed Stream Protection Rule.

5.     Murray Energy and other members of the public must be permitted the opportunity to meaningfully comment on the proposed Stream Protection Rule before the rule is finalized.

6.     Murray Energy requests expedited consideration of this action pursuant to 28 U.S.C. § 1657(a) because of the significance of the proposed Stream Protection Rule on coal-mining operations throughout the country, the remarkably imminent expiration of the comment period on October 26, 2015, and the critical importance of permitting Murray Energy and the public to provide fully informed comments on the proposed rule.

7.     Murray Energy thus seeks both (1) a declaration that OSMRE is in violation of FOIA for failing to fulfill Murray Energy's request for records and (2) relief ordering OSMRE to immediately and fully comply with Murray Energy's FOIA request.

## II. JURISDICTION AND VENUE

8.     This Court has both subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

9.     Defendant OSMRE is an agency within the meaning of 5 U.S.C. § 552(f), has possession and control of the requested records, and is responsible for fulfilling Murray Energy's FOIA request.

## III. PARTIES

10.    Plaintiff Murray Energy Corporation, headquartered in St. Clairsville, Ohio, is the largest privately owned coal company in the United States and the fifth-largest coal producer in the country.  Murray Energy employs approximately 7,500 workers in the mining, processing, transportation, distribution, and sale of coal.  Each year, Murray Energy produces roughly 65

3

million tons of coal from thirteen active coal mines at eleven mining complexes.  Murray Energy

also owns 2 billion tons of proven or probable coal reserves in the United States.  With its vast

production and reserve base, Murray Energy provides electric-utility customers with low-cost,

reliable, and high-quality coal supplies.  Because Murray Energy is committed to the use of sound

science in the regulatory process, Murray Energy is an active participant in administrative

rulemaking processes pertaining to and affecting the coal-mining industry.

11.    DOI is a Department of the Executive Branch of the United States Government.

DOI is an "agency" within the meaning of 5 U.S.C. § 552(f).

12.    Defendant OSMRE is a bureau within the DOI.

13.    Defendant OSMRE is responsible for enforcing mining laws, either directly or

through state-run programs.  As part of these responsibilities, OSMRE regulates surface and

underground mining in the United States.  In this role, Defendant OSMRE oversees the

rulemaking process for regulations such as the proposed Stream Protection Rule and promulgates

such rules.

## IV. THE FREEDOM OF INFORMATION ACT

14.    FOIA, 5 U.S.C. § 552, requires that agencies of the federal government, such as

OSMRE, release requested records to the public unless one or more specific statutory exemptions

apply.  5 U.S.C. § 552(a)(3)(A), (b).  Once an agency receives a request for records that

"reasonably describes" the records sought and that is "made in accordance with published rules,"

the agency "shall make the records promptly available."  5 U.S.C. § 552(a)(3).

15.    A party may submit a FOIA request seeking expedited processing, as Murray

Energy did here.  If the party meets the agency's criteria for expedited processing, the agency

must make a determination of whether to provide expedited processing and must provide the

requestor written notice of the determination within ten days after the date of the request.  5

U.S.C. § 552(a)(6)(E); *see also* 43 C.F.R. § 2.21.  DOI has promulgated regulations pursuant to

FOIA, including criteria for expedited processing of FOIA requests.  43 C.F.R. Part 2, Subpart D;

43 C.F.R. § 2.20.

16.   To a standard, non-expedited FOIA request, an agency must respond in writing

within twenty working days after receiving the request.  5 U.S.C. § 552(a)(6)(A)(i); *see also* 43

C.F.R. § 2.21.  The agency's written response must notify the requestor of at least the agency's

determination whether it will fulfill the request and of the requestor's right to appeal the agency's

decision to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).  This determination must at least inform

the requestor of the scope of the documents that the agency will produce and the scope of the

documents that the agency plans to withhold, if any, under FOIA's statutory exemptions.  Even

when the agency seeks to extend its response deadline for up to ten days due to unusual

circumstances, the agency still must provide the requestor written notice and specify the date the

agency expects to provide its determination.  5 U.S.C. § 552(a)(6)(B).

17.   If an agency fails to provide a requestor with its determination within these

statutory time limits, the requestor is deemed to have exhausted its administrative remedies and

may seek to obtain judicial relief.  5 U.S.C. § 552(a)(6)(C).

18.   This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from

withholding agency records and to order the production of any agency records improperly

withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

## V. GENERAL ALLEGATIONS

**A.     The Stream Protection Rule**

19.     On July 27, 2015, OSMRE published the proposed Stream Protection Rule.  The significance of this proposed rule traces its roots back to 1983, when OSMRE issued the predecessor to the proposed Stream Protection Rule, the Stream Buffer Zone Rule (the "1983 Rule").  The 1983 Rule generally established a buffer zone that prohibited mining within 100 feet of perennial or intermittent streams.

20.     Following various court challenges to the 1983 Rule, OSMRE elected to modify the rule through notice-and-comment rulemaking.  *See* 69 Fed. Reg. 1036 (Jan. 7, 2004).  OSMRE enacted the final version of the modified rule in December 2008, and the rule took effect on January 12, 2009 (the "2008 Rule").  *See* 73 Fed. Reg. 75,814 (Dec. 12, 2008).

21.     In January 2009, opponents of the 2008 Rule sued OSMRE, claiming that OSMRE failed to consult with the United States Fish and Wildlife Service regarding the effects of the 2008 Rule on threatened and endangered species, as required by the Endangered Species Act.  *See Nat'l Parks Conservation Ass'n v. Salazar*, 660 F. Supp. 2d 3, 4 (D.D.C. 2009).  In March 2010, OSMRE acknowledged that it had not consulted with the United States Fish and Wildlife Service while promulgating the 2008 Rule and agreed to amend or replace the 2008 Rule with a final rule within eighteen months.  The Court agreed to hold in abeyance further proceedings to allow OSMRE to revise the rule.

22.     In 2010, OSMRE engaged third-party technical experts, including ECIS, LLC, and Polu Kai Services (collectively, "PKS"), to assist in preparing an Environmental Impact Statement ("EIS") in connection with the revisions to the 2008 Rule.  After only a few months, OSMRE began embedding its own engineers and staff in the EIS process, insisted that the draft

EIS be prepared without the benefit of information from coal companies, and requested that PKS rush through its work to meet impossible schedules and budgets.  The ten states that agreed to assist OSMRE with its EIS ultimately withdrew from the process because the process was so flawed, and OSMRE never gave them an opportunity to review the draft EIS before publishing it.

23.    After meeting with PKS in February 2011, OSMRE suggested that PKS revise its assumptions and calculations to arrive at conclusions that would demonstrate smaller impacts on the industry than PKS actually predicted.

24.    Shortly after the February 2011 meeting, OSMRE chose not to renew PKS's contract.

25.    Soon thereafter, Congress got word of OSMRE's tactics and began an investigation into OSMRE's handling of the EIS process, led by the DOI's Office of Inspector General.

26.    Although OSMRE had agreed in March 2010 to amend the 2008 Rule within eighteen months, by the beginning of 2013 OSRME still had not done so.  Because of this failure, the prior lawsuit was revived and the United States District Court for the District of Columbia vacated the 2008 Rule.  *Nat'l Parks Conservation Ass'n v. Jewell*, 62 F. Supp. 3d 7, 22 (D.D.C. 2014).

27.    In December 2014, and without opportunity for public comment, OSMRE reinstated the regulations enacted prior to the 2008 Rule, including the 1983 Rule.  79 Fed. Reg. 76,227 (Dec. 22, 2014).

28.    Finally, on July 27, 2015, OSMRE published the proposal at issue here—the proposed Stream Protection Rule.  The proposed rule is 254 pages long and full of highly technical, complicated provisions.  Despite the heft of the rule, OSRME initially provided the

public only a limited, sixty-day notice-and-comment period, which it later extended to October 26, 2015.

**B.      Murray Energy's FOIA Request**

29.    Because of its prominent role as the country's largest privately owned coal company, Murray Energy has significant interests in ensuring that OSMRE uses sound science and technical expertise in promulgating the proposed Stream Protection Rule.  Thus, Murray Energy sent a FOIA request to OSMRE by certified mail and electronic mail seeking records related to the proposed Stream Protection Rule.  *See* Exhibit A, Murray Energy's FOIA Request to OSMRE, dated Sept. 4, 2015.

30.    From the beginning, Murray Energy worked to craft a limited and narrow FOIA request through which it sought only reasonably responsive records.  Murray Energy limited the scope of its request by excluding agency records that were submitted as public comments or otherwise made public as part of the administrative record or docket for the Stream Protection Rule.  Specifically, the request excluded comments submitted on the Advanced Notice of Proposed Rulemaking for the Stream Protection Rule, 74 Fed. Reg. 62,664 (Nov. 30, 2009), and on the Notice of Intent to Prepare an Environmental Impact Statement, 75 Fed. Reg. 22,723 (Apr. 30, 2010).  This vastly narrowed the scope of the request.  *See* Exhibit A at 5.

31.    Murray Energy also provided OSMRE with the names of specific individuals whom the company believes may have responsive records that OSMRE could and should review and produce.  *See* Exhibit A at 5–6.

32.    Murray Energy further evidenced its intent to cooperate with OSMRE by offering to pay the reasonable costs of the FOIA request and by not seeking a fee waiver.  *See* Exhibit A at 6.

33.    Murray Energy asked that its FOIA request receive expedited processing due to the limited time period for public comment on the proposed Stream Protection Rule and the vital importance of the requested information to the public's and Murray Energy's evaluation of the proposed Stream Protection Rule.  *See* Exhibit A at 6.

**C.    OSMRE's Violation of FOIA**

34.    FOIA sets forth a specific timeline governing an agency's obligations to respond to a FOIA request.  5 U.S.C. § 552(a)(6).  OSMRE has violated FOIA's clear mandate to release agency records to the public by failing to provide Murray Energy with any written determination within the statutory time limit indicating the scope of the documents OSMRE will produce and the scope of the documents it plans to withhold under any FOIA exemption.  5 U.S.C. § 552(a)(6); 43 C.F.R. § 2.21.

35.    OSMRE, like all agencies, must respond in writing to a FOIA request that receives expedited processing within ten days after receipt of the request.  5 U.S.C. § 552(a)(6)(E); 43 C.F.R. § 2.21.  Thus, had OSMRE treated Murray Energy's FOIA request, submitted on September 4, 2015, as seeking expedited processing, OSMRE should have responded in writing to Murray Energy by September 14, 2015.  It did not.

36.    Even if OSMRE considered Murray Energy's FOIA request under the standard FOIA deadlines, OSMRE should have responded in writing to Murray Energy within twenty working days following the request.  5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.21.  It did not.

37.    In fact, OSMRE has failed to provide any written response to Murray Energy despite Murray Energy's explicit request for exactly that on September 24, 2015, during an informal telephone conversation between counsel for Murray Energy and the FOIA Officer for OSMRE.  During this telephone conversation, the FOIA Officer acknowledged OSMRE's receipt

of Murray Energy's FOIA request on September 4, 2015, and counsel for Murray Energy

specifically requested a written response or determination from OSMRE regarding the FOIA

request.  OSMRE has not complied.

38.    To date, both the ten-day deadline applicable to an expedited FOIA request and the

twenty-day deadline applicable to a standard FOIA request have passed, yet OSMRE has not

provided Murray Energy with any written response, notice, or determination regarding (a)

whether it will fulfill the FOIA request; or (b) an estimated date by which OSMRE will complete

its processing of the FOIA request.  Nor has OSMRE provided any documents or records in

response to Murray Energy's FOIA request.

39.    Because OSMRE did not make and communicate its written determination within

the applicable statutory timeline after receiving Murray Energy's FOIA request, Murray Energy is

deemed to have exhausted its administrative-appeal remedies, and Murray Energy may seek relief

for OSMRE's violations from this Court.  5 U.S.C. 552(a)(6)(C)(i).

40.    OSMRE's disregard of the nation's transparency laws keeps the American public in

the dark about the Stream Protection Rule.  It prejudices Murray Energy's ability to participate in

the rulemaking process for the Stream Protection Rule.  And it raises significant doubts about

whether the court that ultimately reviews the Stream Protection Rule will have a full and adequate

record upon which to judge the rule's lawfulness.

## VI. PLAINTIFF'S CLAIM FOR RELIEF

### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

41.    Murray Energy re-alleges and incorporates by reference all preceding paragraphs.

42.     Murray Energy, through its FOIA request, properly requested records in OSMRE's possession and control.

43.     OSMRE has not responded in writing in any form to Murray Energy's FOIA request.

44.     OSMRE has neither produced any records to Murray Energy in response to its FOIA request nor made any explicit and justified claims of statutory exemption.

45.     OSMRE's failure to timely respond in writing to Murray Energy's FOIA request is unlawful.

46.     OSMRE violated FOIA's mandate to release agency records to the public by failing to release the records Murray Energy specifically requested.

47.     Murray Energy has exhausted the applicable administrative remedies with respect to OSMRE's wrongful withholding of the records requested in its FOIA request.

48.     Accordingly, Murray Energy is entitled to relief with respect to the release and disclosure of the records requested in its September 4, 2015, FOIA request.

## PRAYER FOR RELIEF

WHEREFORE, Murray Energy respectfully requests that this Court:

(1)     expedite this action in every way pursuant to 28 U.S.C. § 1675(a);

(2)     declare that OSMRE violated the Freedom of Information Act by failing to lawfully satisfy Murray Energy's September 4, 2015, FOIA request;

(3)     order OSMRE to process and release immediately all records responsive to Murray Energy's September 4, 2015, FOIA request;

(4)    preliminarily and permanently enjoin OSMRE (i) from withholding a response to Murray Energy's September 4, 2015, FOIA request, and (ii) to produce all records responsive to Murray Energy's September 4, 2015, FOIA request.

(5)    retain jurisdiction of this action to ensure the processing of Murray Energy's FOIA request and OSMRE's response thereto, and that no agency records are wrongfully withheld;

(6)    award Murray Energy its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412, or any other applicable law; and

(7)    grant such other and further relief as the Court may deem just and proper.


        Respectfully Submitted,

                                        HOGAN LOVELLS US LLP

                                        /s/ Justin A. Savage
                                        Justin A. Savage
                                        (D.C. Bar No. 466345)
                                        James Banks
                                        (D.C. Bar No. 261156)
                                        555 Thirteenth Street, N.W.
                                        Washington, D.C. 20004
                                        (202) 637-5558 (tel.)
                                        (202) 637-5910 (fax)
                                        justin.savage@hoganlovells.com

                                        Andrew C. Lillie (*pro hac* admission pending)
                                        Jessica Black Livingston (*pro hac* admission
                                        pending)
                                        1200 Seventeenth Street, Suite 1500
                                        Denver, Colorado 80202
                                        (303) 899-7300 (tel.)
                                        (303) 899-7333 (fax)
                                        andrew.lillie@hoganlovells.com
                                        jessica.livingston@hoganlovells.com

Dated:  October 5, 2015                 *Attorneys for Plaintiff*
                                        *Murray Energy Corporation*